# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1849V

| | |
|---|---|
| KATHRYN VASHRO,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 15, 2023 |

*Maximillian J. Muller, Muller Brazil, Dresher, LLP, PA*, for Petitioner.

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 14, 2020, Kathryn Vashro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA), a defined Table injury, or in the alternative a caused-in-fact injury, after receiving an influenza ("flu") vaccine on October 24, 2019. Petition at 1, ¶¶ 1, 11.

On September 5, 2023, I dismissed Petitioner's claim. ECF No. 27. I did so based on the determination that there was insufficient proof of a timely onset of Petitioner's pain, plus some evidence of preexisting right arm pain. *Id.* at 3-4.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 4, 2023, Petitioner filed a request for an attorney's fees award of $15,817.70 ($15,417.70 in fees and $400.00 in costs). Petitioner's Application for Attorneys' Fees at 2, ECF No. 31. In accordance with General Order No. 9, Petitioner represents that she has incurred no out-of-pocket expenses. *Id.* at ¶ 4. Petitioner did not address the statutory requirements of good faith and reasonable basis, however - prerequisites for any attorney's fees and costs award in unsuccessful cases. *See* Section 15(e)(1).

On October 18, 2023, Respondent filed a response, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Petitioner's Application for Attorneys' Fees and Costs at 2, ECF No. 33. Petitioner did not file a reply.

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to a fees award despite the dismissal of her claim. And I have reviewed the submitted billing records and find no reduction in the amount of fees to be awarded is needed.

 I. **Reasonable Basis**

 A. **Legal Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny

2

or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"*), *aff'd without op.*, *slip op.* 22-1737 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion,

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B. Existence of Reasonable Basis

I previously determined that Petitioner failed to provide preponderant evidence to support her allegation of a right shoulder injury caused by the flu vaccine she received on October 24, 2019. *Vashro v. Sec'y of Health & Hum. Servs.,* No. 20-1849V, 2023 WL 6643108 (Fed. Cl. Spec. Mstr. July 11, 2022) (also found at ECF No. 30). Specifically, I ruled that "the record in this case establishes that the pain Petitioner suffered post-vaccination is more likely a continuation of prior right shoulder pain." *Id.* at *1. Therefore, Petitioner's alleged SIRVA injury failed to meet the first and second criteria for a Table SIRVA, related to prior pain and pain onset. *Id.* at *3; *see* 42 C.F.R. § 100.3(c)(10)(i)-(ii) (2017). Additionally, Petitioner could not prevail under a causation-in-fact claim. *Vashro,* 2023 WL 6643108, at *4.

Nevertheless, I allowed Petitioner the opportunity to provide additional evidence, noting that the identified deficiencies could have been resolved with additional evidence – whether provided by an expert, medical literature, or the record itself. *Vashro,* 2023 WL 6643108, at *2. Petitioner's inability to produce the evidence needed to satisfy the greater standard required to prevail on entitlement does not affect the feasibility of her claim.

In this case, Petitioner provided evidence establishing she received the flu vaccine on October 24, 2019, as alleged (Exhibit 9), and suffered symptoms which *could* be attributed to a SIRVA injury.[4] Although I did not find Petitioner's attempt to distinguish her later symptoms from the bilateral arm pain and tenderness she experienced prior to vaccination[5] to be sufficiently persuasive to save the claim, such evidence does help satisfy the lower reasonable basis standard. Petitioner could, in fact, have prevailed under a significant aggravation structure for the claim had she been able to produce further evidence. And the delay in pain onset Petitioner reported – approximately one-week post-vaccination[6] - was not so great that it would have prevented her from establishing a casual link.

---

[4] Nineteen days post-vaccination, Petitioner sought treatment, complaining of right arm pain. Exhibit 4 at 22-26. At her next appointment approximately one month later, Petitioner attributed her continued pain to the vaccine she received. Exhibit 3 at 19-22.

[5] Petitioner maintained that her prior pain was due to a bee sting on her right hand. *See* Exhibit 3 at 24-25.

[6] Although Petitioner's reported pain onset varied, approximately four months post-vaccination, she stated that it occurred one-week post-vaccination. Exhibit 6 at 4.

4

Thus, the minimal evidence Petitioner provided prior to dismissal meets the level of proof required to establish reasonable basis – a standard far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation. Petitioner had a reasonable basis to file her petition in this case, which continued until I dismissed the claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II. Appropriate Amount to Be Awarded

### A. Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B. Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. Overall, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Counsel billed a reasonable amount of time to the matter, using hourly rates previously approved for all attorneys and paralegals performing this work. Motion at 4-9. For costs, Petitioner seeks reimbursement for only the $400.00 filing fee. *Id.* at 11. And Respondent offered no specific objection to the rates or amounts sought. Opp. at 3, 3 n.2.

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted.

Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$15,817.70** (representing $15,417.70 in fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.